# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| WILLIAM GREY and SHERRY GREY, | ) | Case No. 10-30074 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| NORMAN E. ROUSE, Chapter 7 Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary No. 10-3018 |
| | ) | |
| AMERICAN GENERAL FINANCIAL | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

The sole issue presented by the cross motions for summary judgment now before the Court in this adversary proceeding is whether a deed of trust holder's lien is limited to the amount stated on the face thereof when that amount erroneously understates the indebtedness intended and memorialized by the parties in the underlying promissory note.

For the reasons stated below, the Court finds that it is. Consequently, American General's security interest in the Debtors' residence is limited to $7,596.85, the amount noted on the face of its deed of trust.

## BACKGROUND

The parties have stipulated to the following facts:

1. The Debtors, William A. Grey, Jr. and Sherry L. Grey, filed for relief under Chapter 7 of the Bankruptcy Code on January 29, 2010.

2. The Plaintiff, Norman E. Rouse, is the Chapter 7 trustee ("Trustee") of the Debtors' bankruptcy estate.

3. The Defendant, American General Financial Services, Inc., is, and at all relevant times was, a corporation authorized to do business in the State of Missouri.

4. On or about August 24, 2006, the Debtors executed a promissory note ("Note") in favor of

American General for $54,029.00 and a deed of trust ("DOT") on the Debtors' residence to secure the Note. The DOT erroneously stated that it secured an indebtedness of only $7,596.85.

5. The DOT was filed with the Recorder of Deeds Office in Newton County, Missouri on August 28, 2006, in Book 355 on Page 8401.

6. The Debtors are not currently obligated on any other loans to American General and have not been obligated on any other loans to American General since the time the promissory Note and DOT were executed on August 24, 2006.

7. At the time they executed the DOT, the Debtors intended that it secure the entire amount of the August 24, 2006, Note.

8. The Debtors obtained a mortgage from Citifinancial Services dated November 13, 2007, in the amount of $15,605.45. The loan application the Debtors submitted to Citifinancial disclosed a secured loan owed to American General in the approximate amount of $50,000.00.

9. The Debtors have continued to make payments on the American General note. As of November 15, 2010, the Debtors had made payments on the Note totaling $26,643.41.

## DISCUSSION

The extent of American General's security interest in the Debtors' residence is determined by Missouri law.[1] Fortunately, Missouri law is clear with regard to the effect of the face amount of a deed of trust.

Mo. Rev. Stat. § 443.055.1(4) defines "face amount" as "the stated amount of the obligations which may be secured at any given time by the security instrument."[2] And § 443.055.2 provides, in pertinent part, that "the total amount of obligations that may be secured by such a security instrument may decrease or increase from time to time, *but except as to advances made pursuant to subsection 3 of this section, the total principal amount of the obligations secured at any given time may not exceed the face amount stated in the security instrument*."[3] Thus, under subsections 1(4) and 2 of

---

[1] *See In re Marlar*, 252 B.R. 743, 752 (B.A.P. 8th Cir. 2000).

[2] The definition of "security instrument" includes a deed of trust. Mo. Rev. Stat. § 443.055.1(10).

[3] Emphasis added.

§ 443.055.1, American General's deed of trust is limited to its face amount – $7,596.85. This interpretation of § 443.055 is consistent with hoary, but apparently still vital, Missouri case law.[4]

American General acknowledges the applicability of § 443.055, but argues that its security interest in the Debtors' residence may exceed the face amount of the DOT under subsection 3 of § 443.055, which provides that "[f]uture advances . . . shall have priority . . . even though the security instrument does not provide for such future advances or such future obligations, or even though such future advances or such future obligations cause the total indebtedness to exceed the face amount stated in the security instrument." Subsection 3, however, is not applicable here because the DOT is not a future advances security instrument and none of the indebtedness secured by the DOT arises from a future advance; the entire indebtedness arises from the original promissory note. Therefore, the limitation of § 443.055.2 still applies.

The Court appreciates the apparent inequity of this result, inasmuch as the contracting parties intended for the DOT to secure the entire $54,029.00 Note, and the Court recognizes that the statute appears to elevate form over substance – if the indebtedness secured by a deed of trust can exceed the face amount, regardless of whether the deed provides for future advances, it is curious that the timing of the advance is so crucial. But where the language of a statute is plain – and here it is – "the sole function of the courts is to enforce it according to its terms."[5] Unfortunately, American General made a mistake and, because of the subsequent bankruptcy filing and the Trustee's position as a hypothetical lien creditor under 11 U.S.C. § 544(a), it must suffer the loss.

Therefore, for the reasons stated above, the Court finds that American General's lien against the Debtors' residence is limited to $7,596.85. A separate order granting the Trustee's motion for summary judgment and denying American General's motion for summary judgment will be entered contemporaneously with this memorandum opinion.

**ENTERED** this 5th day of January, 2011.

/s/ Jerry W. Venters
HONORABLE JERRY W. VENTERS

---

[4] *See Schroeder v. Bobbitt et al.*, 108 Mo. 289, 18 S.W. 1093 (Mo. 1892) (limiting lien to face amount of deed ($12,000) where indebtedness was actually $12,057.44); *Warren F. Terrell and John Terrell v. Andrew County*, 44 Mo. 309 (Mo. 1869) (limiting lien to face amount of deed ($200) when indebtedness was actually $400.00);

[5] *U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989) (*quoting Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917)).

A copy of the foregoing was mailed
conventionally or electronically to:
Norman E. Rouse
Gerard A. Nieters